THREADGILL, EDWARD F„ Senior Judge.
William Spooner, pro se (the former husband), appeals an order denying his supplemental petition for modification of alimony. We reverse and remand for a new hearing to give the former husband an opportunity to prove a substantial change of circumstances.
The parties entered into a marital settlement agreement dated December 20, 1999, which was incorporated into the parties’ final judgment of dissolution of marriage dated March 16, 2000. The former husband filed a supplemental petition for modification of alimony on August 20, 2001.
Following a hearing, the trial court found that the petition sought relief based on “fraud, misrepresentation, admissions, and omissions” and was not filed within one year of the final judgment as required by Florida Rule of Civil Procedure 1.540 and Florida Family Law Rule of Procedure 12.540. The court denied the petition as untimely. To the extent that the petition can be construed to seek relief based on fraud or misrepresentation, we agree that the supplemental petition is untimely.[1]
The petition, however, also clearly seeks a downward modification of the former husband’s alimony obligation based on a change of circumstances. This request does not fall within the ambit of rules 1.540 and 12.540. Rather, section 61.14(l)(a), Florida Statutes (1999), which does not contain a time restriction, provides that a party may seek modification of alimony *1203 based on a change of circumstances when the parties enter into an agreement or when the court orders payments for alimony. In Rahn v. Rahn, 768 So.2d 1102, 1105 (Fla. 2d DCA 2000), this court stated that “to justify a modification of alimony, the moving party must show: (1) a substantial change in circumstances; (2) that the change was not contemplated at the final judgment of dissolution; and (3) that the change is sufficient, material, permanent, and involuntary.”
Here, the trial court denied the former husband’s petition as untimely without affording the former husband an opportunity to prove the foregoing elements. Therefore, we reverse the trial court’s denial of the supplemental petition for a modification of alimony. On remand, the trial court shall conduct a hearing in which the former husband has an opportunity to present testimony and evidence to support his claim regarding a substantial change of circumstances that would warrant modification of alimony.
Reversed and remanded.
CASANUEVA and SALCINES, JJ., Concur.

. Florida Family Law Rule of Procedure 12.540 provides that there is no time limit if the motion is based on fraudulent financial affidavits in marital cases. Here, however, the former husband has not raised the issue of fraudulent financial affidavits.